Jenner, J.
This case is before us on appeal from the common pleas. The answer to the amended petition presents two defenses, to which a demurrer was interposed. The questions raised by the demurrer, we think, are decisive of the case.
The first defense is a plea of res adjuddcata, in which the substance of a petition filed by the defendant in an action, in which the Zanesville Gas-Light Company was plaintiff and the city of Zanesville defendant, is set forth. The object of the petition in the former action, was to restrain the city of Zanesville, its officers and agents, named in the petition, from using force to prevent the Gas-Light Company from “ taking care of and preserving its property.”
*124 We think the court was clearly right in granting the relief prayed for by the company. But it is claimed, that the right ,of the city of Zanesville to regulate the price of gas, was determined against the city in the former case. If there was an .adjudication directly upon the point, it would be conclusive between the same parties, on the same matter, directly in question in another suit. Whatever was necessarily involved in that controversy, is properly urged as a plea in bar here. If the former record shows that the same decree would have been rendered, whether the city of Zanesville had the legal right to regulate the price of gag or not, then the plea of res adjudicata is not well taken. The object of the former proceeding was, to protect the company and its agents from violence while engaged in preserving and protecting the property of the company. Can it be doubted that they were entitled to that protection, even if it be admitted that the city of Zanesville had the right to regulate the price of gas ?
That proposition is hardly open for contention. We, there-, fore, conclude that the right of the city to regulate the price of gas, was not necessarily involved in the determination of the former case. The Lessee of Lore et al. v. Truman, 10 O. S., 45, 53; Porter v. Wagner, 36 O. S., 471.
The second defense is a substantial admission of the allegations of the amended petition attempted to be traversed, but only a denial of the legal effect of the averments. As we view the demurrer to this defense, it presents the question, whether the terms of the charter authorizing the formation of the GasLight Company, exempts the company from legislative supervision and control. The charter consists of a special act of-the general assembly, passed March 12, 1849. The act contains nine sections, but it is only necessary to refer to one of said sections, which is in the following language:
“ Sec. 2. The corporation hereby created shall have full power and authority to manufacture and sell gas to be used ■for the purpose of lighting the town of Zanesville and the streets thereof, and any buildings, manufactories, public places, or houses therein contained, and to erect necessary works and apparatus, and with the consent of the town council of said town, to lay pipes for the purpose of conducting the gas in any of the streets.” ' ■
*125 On the 4th of June, 1849, the town council of the town of Zanesville passed an ordinance, authorizing the Gas-Light Company to lay its pipes in the streets and alleys, and fixing the price of gas to be supplied for public lamps at two dollars and fifty cents per thousand cubic feet. No time was named during which this price was to be paid for public lamps, nor was any attempt made to regulate or fix the price that the company might charge private consumers. The company furnished gas at the price named for the public lamps from 1849 to 1864, and during said time charged citizens various prices. The price for the public lamps after this date, by contract between the company and the . city, was regulated from time to time; but as to the citizens, no attempt was made to control the price, until January 28, 1884, when the city of Zanesville passed an ordinance, fixing the price for public lamps at $12.00 per lamp-post per annum, and $1.25 per thous- and cubic feet to private consumers, and which it is averred was a fair and reasonable price.
This ordinance the company refused to obey, for the reason, as it maintains, that it is not subject to legislative control; that as its charter was granted prior to the adoption of the constitution of 1851, subsequent acts of the legislature, authorizing the council of any city or village to regulate the price of gas from time to time, has no application to said company. This depends upon the terms of the charter. It is not provided in the charter, that the company shall have the exclusive privilege of supplying gas to Zanesville or her citizens; and it is silent as to any price the company is authorized to charge; nor does it specify any period of time during which the company may furnish gas.
It must be remembered, that the object of the organization of the company was not solely for the emolument of the corporators and stockholders; but it was also for the public convenience and welfare. And it is of great importance that the public, for whose convenience it was incorporated, retain supervision and control of the company.
Whether ór not such control was reserved, must be determined by the language of the charter. But the right to such exemption must appear to have been clearly granted, and *126 will not be presumed. “The rights of the public are never presumed to be surrendered to a corporation, unless the intention to surrender clearly appears in the law.” Perrine v. Ches. & Del. Canal Co., 9 How., 172; Munn v. Illinois, 94 U. S., 113.
Wm. H. Cunningham, City Solicitor, Gilbert D. Mvmson and A. J. Andrews, for plaintiff.
A. W. Train, Prank H. Southard and JET. R. Stanbery, for defendant.
The case of The State ex rel. v. Columbus Gas-light & Coke Co., 34 O. S., 572, involves the construction of the charter of the Columbus Gas-light and Coke Company, which was incorporated by a special act of the legislature, passed Feb. 21, 1846. White, J., announcing the opinion of the court, cites the case in 9 How. and 94 U. S. with approval, and an page 582, speaking of corporations invested with franchises to be exercised for the public interest, says : “ They are clearly subject to public control, in respect to the terms upon which their franchises are to be exercised, unless they are protected by their charter from such .interference.”
The proposition so earnestly and ably insisted upon by counsel for the company, that because the charter was granted prior to the adoption of our present constitution, and does not expressly provide for legislative control of- the corporation, if is not, therefore, subject to the provisions of section 2478, revised statutes, is not tenable, but contrary to the well settled rule of construction, that the rights of the public are never presumed to be: surrendered to a corporation, but that that fact must affirmatively appear, by the terms of the charter itself.
We .conclude, therefore, that the defendant is not protected from legislative control as to the price it may charge for gas in the city of Zanesville, either for public or private use, because there is nothing in the terms of the charter relieving it from such control. The second defense to the amended petition is, therefore, insufficient. Demurrer to the answer is sustained.
Decree accordingly.
Albaugh and Follett, J.J., concur.